EQUITABLE TRUST COMPANY, executor and trustee under the last will and testament of William Kane, deceased, complainant,

*v.*

CLARA CELESTE GARTON et al., defendants.

[Decided December 12th, 1931.]

*Mr. Frank C. Propert,* for the complainant.

INGERSOLL, V. C. .

This bill is filed by the complainant as executor and trustee under the will of William Kane, deceased, for a construction of the will and codicils of the said William Kane. The defendants are all the parties in interest and were duly served, but filed no answer. It is heard upon a stipulation signed by the solicitor of complainant and all of the defendants. The prayer of the bill is as follows:

"That this court may construe the said last will and testament and codicils of the said William Kane, deceased, and may declare who are the persons entitled to the said residuary estate and the extent and proportions of their respective intrests and shares therein."

This prayer is subject to criticism in that at the close of the case, that is, the filing of the stipulations, the court would have been unable to determine what detail of the will the court was asked to construe. In this case, however, counsel for the complainant has presented a most careful and well-prepared memorandum in which he specifically named the questions to be determined in the construction of the said will and codicils.

The first question: "What is the effect of the first codicil [dated March 23d, 1918] upon that portion of the original will relating to the residuary estate?" He divides this into (a) a portion of the fourth item of the codicil, which reads:

"I do now direct in lieu thereof that in the event of such a contingency arising, payment shall be made out of the share due to the issue of any one that may have died when and as such issue respectively shall attain the age of twenty-five years."

I find that this item of the codicil does not revoke any gift or change the quantity of any share given by the original will, but that it does change the time of the payment of the share of the principal from the time mentioned in the will to the time "such issue respectively shall attain the age of twenty-five years."

(b) As to the fifth item of the codicil: Kate G. Hollingsworth having died prior to the date of the codicil, leav-

ing issue, the testator directed the testator's trustee to pay the income of one-third of the residuary estate until they should respectively attain the age of twenty-five years, and to pay and transfer said one-third of the principal of the residuary estate to them, in equal shares, when and as they should respectively attain the age of twenty-five years.

The second question: "What is the meaning of the words 'to her children or their issue' as used in that portion of the original will relating to the disposition of the principal of the residuary estate upon the death of testator's nieces?"

It seems manifest "to her children or their issue," in connection with his directions concerning the distribution of principal, he intended to and did, in fact, refer only to the issue of any deceased child of the niece to which issue he had just referred.

The third question is: "What is the meaning of the words 'to the surviving niece or nieces or their issue' as used in that portion of the original will relating to the disposition of the share of any niece of testator dying without leaving issue surviving her?"

It is not apparent that in the course of nature that this situation could arise. It is apparent that the testator intended the words "or their issue" to refer only to the issue of the deceased nieces of the testator, and not to the issue of living nieces as well.

The fourth question is: "Do the testator's will and codicils violate the rule against perpetuities?"

Without quoting cases, they do not.

The last question is: "The gifts of income and principal of the residuary estate upon the death of testator's nieces being made to classes, do the members of each class take as joint owners or tenants or as owners or tenants in common?"

The intent is clear that the testator intended these beneficiaries to take in their classes as tenants in common and not as joint tenants.

A decree will be advised in accordance with these views.